**IT IS ORDERED as set forth below:**



Date: July 7, 2025

_____
Lisa Ritchey Craig
U.S. Bankruptcy Court Judge

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | SUBCHAPTER V |
| INNOVATIVE NURSING SOLUTIONS | ) | |
| AND HOSPICE CARE LLC., | ) | CASE NO. 23-62548– LRC |
| | ) | |
| Debtor. | ) | |

## ORDER CLOSING CASE

On December 19, 2023, Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 the Bankruptcy Code. The Court confirmed Debtor's plan of reorganization (Doc. 78, the "Plan") on May 1, 2024, pursuant to § 1191(b). (Doc. 104, the "Confirmation Order"). The Plan requires Debtor to make payments to creditors for three years beginning on the 28th day of the first month after the Effective Date of the Plan. Article 5.2 of the Plan provided that the Subchapter V Trustee, Leon S. Jones, would be discharged from his obligations

and duties upon substantial consummation of the Plan, and the Confirmation Order provided that the Subchapter V Trustee would be discharged upon the filing by Debtor of a notice of substantial consummation of the Plan.

As required by § 1183(c)(2) of the Bankruptcy Code, Debtor filed a notice of substantial consummation on August 5, 2024 (Doc. 124, the "Notice"). The Subchapter V Trustee has filed his final report. Doc. 126. In the Notice, Debtor requests the entry of the final decree and closing of the case. The United States Trustee objects because the bankruptcy estate has not been fully administered (Doc. 125, the "Objection"). In the Objection, the United States Trustee notes that, under § 350(a), "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case," and that Rule 3022 of the Federal Rules of Bankruptcy Procedure states that "[a]fter the estate is fully administered in a Chapter 11 case, the court must, on its own or on a party in interest's motion, enter a final decree closing the case." As the estate is not fully administered (*i.e.*, plan payments remain outstanding and Debtor has not been discharged), the United States Trustee asserts that the plain language of the statute and the rule does not authorize the entry of a final decree. *See In re Kerley*, 2011 WL 5330667, at *1 (Bankr. N.D. Ala. Nov. 4, 2011).

At the hearing held on May 14, 2025, Debtor requested, in the alternative, that the Court enter an order confirming that the Subchapter V Trustee's services

have been terminated and close the case, subject to being reopened. The United States Trustee noted the lack of specific authority authorizing the closing of the case without the entry of a final decree and asserted that Debtor would suffer no harm by having the case remain open, while closing the case could burden creditors who seek relief from the Plan in the event of a default. Debtor's counsel alleged that, for certain business reasons, Debtor has been negatively impacted by having the case open. Debtor's counsel also represented to the Court and the United States Trustee that, if a creditor sought to reopen the case due to an uncured default, Debtor would be willing to pay the filing fee. Following the hearing, Debtor filed an affidavit in support of the request. *See* Doc. 134, Affidavit of Phyllis Burr Dove-Edwin (the "Affidavit").

Having considered the facts and circumstances of this case, including the Affidavit, the Court agrees with Debtor that the alternative relief requested by Debtor is appropriate. *See In re Lager*, 2024 WL 3928157, at *2 (Bankr. N.D. Tex. Aug. 23, 2024) (holding that a Subchapter V case may be closed "prior to completion of plan payments despite being confirmed non-consensually pursuant to section 1191(b) where a debtor has yet to receive a discharge" subject to being reopened for the entry of the discharge or modification of the plan).

Accordingly,

IT IS ORDERED that the Subchapter V Trustee is discharged;

IT IS FURTHER ORDERED that the Clerk of Court shall close the above-captioned bankruptcy case, subject to its being reopened upon proper notice and hearing.

**END OF DOCUMENT**

**Distribution List**

Innovative Nursing Solutions and Hospice Care LLC
1818 Lakefield Court SE
Suite B
Conyers, GA 30013

Angelyn M. Wright
The Wright Law Alliance, P.C.
Suite 222, 1244 Clairmont Road
P. O. Box 3576
Decatur, GA 30031

Leon S. Jones
Jones & Walden LLC
699 Piedmont Ave NE
Atlanta, GA 30308

Jonathan S. Adams
Office of the United States Trustee
362 Richard B Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Thomas E. Austin, Jr.
Thomas E. Austin, Jr., LLC
Suite 3504
2451 Cumberland Parkway SE
Atlanta, GA 30339

Office of the United States Attorney
Suite 600
75 Ted Turner Drive SW
Atlanta, GA 30303